# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY RABUANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-5070_____ |
| | ) | |
| MERCY HOSPITAL JOPLIN, | ) | JURY TRIAL DEMANDED |
| *Serve Registered Agent*: | ) | |
|   CSC Layers Incorporating Service Co. | ) | |
|   221 Bolivar Street | ) | |
|   Jefferson City, Missouri 65101. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Anthony Rabuano, by and through his attorneys of record, Hall Ansley P.C., and for his cause of action against defendant Mercy Hospital Joplin, states, alleges and avers to the Court as follows:

### PLAINTIFF

1.      Plaintiff is a resident of Jasper County, Missouri.

2.      Plaintiff has the human immunodeficiency virus ("HIV.")

3.      HIV is a chronic virus that constitutes an impairment that substantially limits the functions of the immune system in the absence of medical treatment.

4.      HIV is also a direct barrier to reproduction.

5.      Plaintiff has been under the care of a physician for his HIV since his diagnosis in 2008.

1

6.     Plaintiff's viral load, a measure of the amount of HIV in a person's blood, is undetectable on account of his treatment.

## DEFENDANT

7.     Defendant Mercy Hospital Joplin ("Mercy" or "Defendant") is a not for profit corporation created under the laws of the State of Missouri.  Mercy conducts business in the state of Missouri and Mercy maintains a registered agent in the state.  Service of Process may be perfected on Mercy by serving its registered agent at the address listed in the caption.

8.     At all times relevant, defendant Mercy acted by and through its duly authorized agents, servants, and employees.

## VENUE AND JURISDICTION

9.     This suit is brought, and jurisdiction herein lies, pursuant to 28 U.S.C. § 451, 1331, 1337 and 1343.  This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as amended.

10.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Missouri, Southern Division.  Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

11.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

12.     The EEOC issued Plaintiff a Notice of Suit Rights permitting Plaintiff to file the present action within 90-days of receipt of the same.  A true and correct copy of said Notice of Suit Rights is attached hereto as Exhibit A and incorporated herein by reference.

2

13.      This action was commenced within 90-days of receipt of Exhibit A.

## FACTUAL ALLEGATIONS

14.      Plaintiff has worked as a surgical technologist since 2014.

15.      Plaintiff started working as a surgical technologist at Mercy in or around June 2019.

16.      Plaintiff successfully performed his duties for Defendant through July 27, 2019.

17.      On or about July 27, 2019, Plaintiff was in the operating room and was splashed in his eye with blood during a procedure.

18.      After the July 27, 2019 incident, Plaintiff was forced to complete paperwork and receive testing for conditions including HIV, hepatitis a, hepatitis b and hepatitis c.

19.      Plaintiff's testing came back as positive for HIV antibodies. Plaintiff was then removed from seeing surgical cases at Mercy.

20.      On or about August 6, 2019, Plaintiff requested to meet with the head of human resources to discuss his position and return to work.

21.      The human resources representative told Plaintiff that he could no longer work for Mercy and that he was being terminated. Plaintiff responded and told the human resources representative that the was protected under the ADA.

22.      Plaintiff was sent to a Mercy medical provider regarding his HIV. The medical provider knew that Plaintiff's viral load was undetectable. The provider told Plaintiff that he did not need to be concerned about his position at Mercy.

23.     Plaintiff was later informed that Mercy would not return him to his surgical technologist position, a position for which Plaintiff was educated and trained, and that Plaintiff would be moved to be a "patient care associate."

24.     Plaintiff refused to move to this other position at it would have been a demotion and taken Plaintiff away from doing the work for which he was trained.

25.     Plaintiff received a letter dated October 1, 2019 indicating that Mercy had considered Plaintiff to have voluntarily resigned because he had refused to accept the patient care associate position.

**COUNT I**
**Discrimination in Violation of the Americans with Disabilities Act**

COMES NOW Plaintiff, Anthony Rabuano, by and through his attorneys of record, Hall Ansley, P.C. and for Count I of his cause of action against Mercy, states, alleges and avers to the Court as follows:

26.     Plaintiff restates, realleges and reavers herein all preceding paragraph of this Petition as though they were fully stated herein *in haec verba*.

27.     Pursuant to the Americans with Disabilities Act ("ADA"), as amended, an individual is disabled for purposes of the Act when a person has an impairment that substantially limits a major life activity.  42 U.S.C.  § 12102(1).  Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating and working.  *Id.* at (2).  Major life activities also include "the operation of a major bodily function, including but not limit to, functions of the immune system, normal cell growth, and reproductive functions."  *Id.*

4

28. HIV, even if asymptomatic, is a disability as defined by the ADA. *Bragdon v. Abbott,* 524 U.S. 624 (1998).

29. The ADA prohibits employment discrimination of those with disabilities whom can perform the essential functions of their job with or without a reasonable accommodation.

30. The ADA also prohibits discrimination against those "regarded as" having a disability.

31. Plaintiff could have performed the functions of his position with or without a reasonable accommodation.

32. Plaintiff was discriminated against and terminated from his employment because of his status as an HIV-positive individual.

33. Plaintiff, as an individual with a disability, or as someone who was perceived as having a disability, is a member of a protected group pursuant to the Americans with Disabilities Act, 42 U.S.C. §12102.

34. Defendant is an employer as defined by the Americans with Disabilities Act in that Defendant is engaged in an industry impacting commerce and has had more than twenty-five (25) employees during the relevant periods described herein.

35. Plaintiff was subjected to a work environment that was discriminatory based on his disability and/or a perception of disability held by Mercy.

36. The decision to terminate Plaintiff's position and, later, his employment, occurred because of Plaintiff's protected status.

37.     Plaintiff is a member of a protected group and was subjected to a discrimination due to his disability and/or a perception of disability; a causal nexus exists between the discrimination and Plaintiff's membership in the protected group; the discrimination impacted a term, condition, or privilege of Plaintiff's employment with Mercy; Defendant knew or should of known of the discrimination and failed to take prompt remedial action or engage in an interactive process to determine if an accommodation to perform his surgical technician position was necessary; Plaintiff was subsequently discharged on account of his disability and/or a perception of disability held by Mercy.

38.     As a direct and proximate result of the discrimination, as described herein, Plaintiff has suffered the following:

(a)     Lost income, including but not limited to back pay, front pay and lost benefits;

(b)     Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

(c)     Mental and emotional anguish.

39.     Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

40.     Plaintiff is entitled to injunctive relief and an order of this Court compelling Defendant to place Plaintiff back into his surgical technologist position, and for all other relief afforded to make whole the losses caused by the violations by Defendant.

6

41.     The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights.  These actions are sufficient to justify the award of punitive damages to deter this Defendant, and others similarly situated, from like conduct in the future.

WHEREFORE, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable; for an award of attorney's fees and expert witness fees; for injunctive relief as set forth herein; for post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter this Defendant, and others similarly situated, from like actions in the future; and for such other and further relief as the Court deems just and proper.

HALL ANSLEY,
A Professional Corporation

By: _/s/ Timothy A. Ricker_____
TIMOTHY A. RICKER
Missouri Bar Number 62050
ADAM P. PIHANA
Missouri Bar Number 59540

3275 East Ridgeview
Springfield, Missouri 65808
Telephone:     417/890-8700
Facsimile:     417/890-8855
Email: tricker@hallansley.com
Email:  apihana@hallansley.com

*Attorneys for Plaintiff*

7